IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. PASSARELLA, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 20-3391 |
| | : | |
| v. | : | |
| | : | |
| ALICE HEGWITT, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                      September 14, 2020

The *pro se* plaintiff, a state prisoner, has sought leave to proceed *in forma pauperis* in this action under 42 U.S.C. § 1983. In the complaint, the plaintiff alleges that he was wrongly convicted of criminal offenses against a minor in 2005 because the minor was an adult at the time. He also alleges that due to this wrongful conviction, he was wrongly compelled to register as a sex offender under Pennsylvania's Megan's Law.

Any success in this action would imply that the plaintiff's 2005 conviction was invalid. As such, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars this section 1983 action. Therefore, although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court must dismiss this action without prejudice to the plaintiff to refile such a claim if his convictions are reversed, vacated, or otherwise invalidated.

## I.        ALLEGATIONS AND PROCEDURAL HISTORY

In 2005, the *pro se* plaintiff, William J. Passarella, Jr. ("Passarella"), was convicted of unlawful contact with a minor, promoting prostitution, and corrupting a minor in the Court of

Common Pleas of Philadelphia County.[1] *See* Docket, *Commonwealth v. Passarella*, No. CP-51-CR-707891-2004 (Philadelphia Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0707891-2004&dnh=H4JY7iXa6eG%2bQXc8ZqEP1w%3d%3d (last visited September 11, 2020).[2] The trial court sentenced him to a minimum of one year to a maximum of two years' incarceration. *See id.* Passarella filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA") in July 2010, which the state court dismissed without a hearing in June 2011. *See id.* Passarella filed another PCRA petition in April 2019, and this petition is still pending in the state court. *See id.*

Passarella commenced the instant action by filing a complaint against Alice Hegwitt, the purported "manager of clerk of court" for the family court in Philadelphia, which the clerk of court docketed on July 14, 2020. *See* Compl. at ECF pp. 1, 2. Passarella's complaint raises claims stemming from the aforementioned convictions and sentence in 2005. *See generally id.* It appears that Passarella is alleging that he should not have been convicted of unlawful contact with a minor and corrupting a minor because the victim of his crimes was not a minor; instead, she was 26 years old at the time of the offense. *See id.* at ECF p. 4 ("I was sentenced on 11/5/2005 on [sic] Corupting [sic] Minor D.[O.]B. 08/30/78 = 26 years not a minor."); *id.* at ECF p. 5 ("I was sentenced on 11/2/2005 for corrupting minor on date birth [sic] 08/30/78 = 26 years old not a minor. . . . not a minor 08/30/78 = 26 year [sic] in 2004[.]"). Passarella therefore alleges that he has been subjected to "false imprisonment" and has been wrongfully required to comply with the requirements

---

[1] It is unclear from the docket whether Passarella pleaded guilty to these charges or was found guilty after a trial. Nonetheless, Passarella submitted an exhibit to his complaint which appears to show that he was found guilty after a trial. *See* Doc. No. 10 at ECF p.2.

[2] The court may consider matters of public record when conducting the screening of the instant complaint under 28 U.S.C. § 1915. *See Castro-Mota v. Smithson*, Civ. A. No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). The court also notes that Passarella has specifically referenced this state court criminal matter in the complaint, *see* Compl. at ECF p. 5, Doc. No. 1, and he attached exhibits to the complaint which also contain docket information about this state court criminal matter. *See id.* at ECF pp. 7–16.

imposed upon sex offenders by Megan's Law. *See id.* at ECF p. 5 ("I did 15 month [sic] to 30 month [sic] and I max [sic] out: I [sic] still under Megans [sic] Law since 11/2/2005 now where in 2020: 15 years under Megans [sic] Law. This is false imprisonment."). Passarella claims that he "did nothing wrong." *Id.* He seeks damages for "false imprisonment," payment of court costs and legal fees, and, although unclear, appears to seek a pronouncement from this court that he is not subject to the requirements of Megan's Law. *See id.* at ECF p. 17.

Since Passarella did not apply for leave to proceed *in forma pauperis* or remit the $400 fee with the complaint, this court entered an order on July 27, 2020, requiring him to either submit an *in forma pauperis* application or remit the $400 fee within 30 days or risk dismissal of this action. *See* July 27, 2020 Order at 1–2, Doc. No. 3. Passarella then submitted an affidavit for leave to proceed *in forma pauperis* and a prisoner trust fund account statement that the clerk of court docketed on August 3, 2020. Doc. Nos. 4, 5. Passarella then filed a second application for leave to proceed *in forma pauperis* and a second prisoner trust fund account statement that the clerk of court docketed on August 10, 2020.[3] Doc. Nos. 6, 7.

On August 31, 2020, Passarella also filed a "Motion to Review all Documents on my Behalf" in which he claims that his exhibits "show[] a lot of merit for this case (I did time (false imprisonment) I should not of [sic])" and asks that the court "review all documents." Mot. to Review All Docs. on My Behalf at 1, Doc. No. 8. On the same date, the clerk of court docketed exhibits from Passarella that appear to relate to his sentence and a "Sex Offender Program Booster" which he completed on September 28, 2016. Doc. No. 9. On September 4, 2020, the clerk of court docketed another exhibit from Passarella, a sentence status summary. Doc. No. 10.

---

[3] The court will refer to the two *in forma pauperis* applications collectively as the "IFP Applications."

## II.      DISCUSSION

### A.      The IFP Applications

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States,* 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Applications, it appears that Passarella is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[4]

**B.      Standard of Review**

Because the court has granted Passarella leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

---

[4] Because Passarella is a prisoner, he is obliged to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

### C.    <u>Analysis</u>

Passarella brings the instant action under 42 U.S.C. § 1983. *See* Compl. at ECF p. 3. Section 1983 provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

As indicated above, Passarella is seeking relief based on his wrongful conviction. When seeking

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (citation and internal footnote omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). Thus, "[u]nder *Heck*, a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Giles v. Davis*, 427 F.3d 197, 208–09 (3d Cir. 2005).

Here, Passarella appears to be claiming that he was unconstitutionally convicted of offenses relating to a minor and, by extension, unconstitutionally subjected to the requirements of Megan's Law. Passarella may not maintain these claims because success would necessarily imply the invalidity of his convictions, which have never been reversed, vacated, or otherwise invalidated. *See Johnson v. Davis*, Civ. A. No. 98-4380, 1999 WL 58643, at *2 (E.D. Pa. Jan. 28, 1999) ("To award damages to Johnson based on a ruling that the Megan's Law was illegally applied to him would necessarily imply that his underlying assault conviction, which formed the basis for

applying Megan's Law to him, was invalid."). Accordingly, Passarella's claims are not cognizable in this action.[5]

### III.    CONCLUSION

For the aforementioned reasons, the court will dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will dismiss the complaint without prejudice to Passarella filing a new civil rights complaint for damages only if his convictions are reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (explaining that district court must dismiss without prejudice claims barred by *Heck*).

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[5] Passarella has also failed to state a claim against the named defendant. To impose liability under section 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Passarella has not alleged how the named defendant was responsible for the alleged violation of his rights and it is unclear how court administrative staff could be liable for the events in question.